UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DONTA HENDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00402-JMS-DLP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DISCUSSING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255**

In July 2017, a jury convicted Donta Henderson of distributing methamphetamine as part of a conspiracy operating in this District. Six months later, the Court sentenced Mr. Henderson to 264 months in prison.

Mr. Henderson now challenges both his conviction and his sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, Mr. Henderson's motion is **denied** insofar as it seeks relief from his conspiracy conviction. However, further proceedings are necessary to determine whether Mr. Henderson is entitled to be resentenced.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error

of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

Mr. Henderson was arrested in October 2015, not long after he sold methamphetamine to a confidential informant in a controlled buy and authorities found methamphetamine in a search of a nearby residence. A grand jury charged that Mr. Henderson conspired with Justin Swain, Robert Malone, Michael Merritt, and others to distribute 500 grams or more of methamphetamine mixture in the spring, summer, and fall of 2015. *United States v. Henderson*, no. 2:15-cr-00019-JMS-CMM-5 ("crim. dkt."), dkt. 407 at 1 (S.D. Ind. Feb. 28, 2017) (second superseding indictment). The grand jury also charged Mr. Henderson with distributing 50 grams or more of actual methamphetamine in September 2015 and possessing with intent to distribute 50 grams or more of actual methamphetamine in October 2015. *Id.* at 5–6.

The government filed two informations seeking to enhance Mr. Henderson's sentence under 21 U.S.C. §§ 841(b)(1)(A) and 851. One concerned a 2009 conviction for possessing marijuana in Knox County, but the government later conceded that this was not a valid basis for an enhancement. *See* crim. dkts. 260, 614. The second § 851 information concerned a 2014 conviction for possessing cocaine, again in Knox County. Crim. dkt. 257.

Mr. Henderson stood trial with Swain and Malone in July 2017. He was represented by James Edgar. Following a six-day trial, a jury found Mr. Henderson guilty of the conspiracy charge and the September 2015 distribution charge. Crim. dkt. 520. The jury did not return a verdict on the October 2015 possession-with-intent-to-distribute charge. *Id.*

The Court sentenced Mr. Henderson on January 3, 2018. Crim. dkt. 654. The Court calculated a Sentencing Guidelines range of 235–293 months in prison, but the prior conviction for possessing cocaine subjected Mr. Henderson to a mandatory minimum of 240 months. *See id.* at 18:8–16; 21 U.S.C. § 241(b)(1)(A) (eff. Aug. 3, 2010–Dec. 20, 2018). The Court sentenced Mr. Henderson to 264 months on each charge, concurrent, finding a sentence two years longer than the minimum appropriate because Mr. Henderson was on probation at the time of his illegal conduct. Crim. dkt. 654 at 34:21–35:4.

The Seventh Circuit appointed Damon Leichty to represent Mr. Henderson on direct appeal. Crim. dkt. 685. He raised only one issue: that the Court erred by declining to instruct the jury that, to prove conspiracy, the government must show more than a buyer-seller relationship or that the defendant bought drugs from one person to resell them to others. *See United States v. Malone*, 770 F. App'x 281, 282 (7th Cir. 2019); *see also* 7th Cir. Pattern Crim. Jury Instrs., § 5.10(A) ("Buyer/Seller Relationship"). The Court of Appeals affirmed Mr. Henderson's conviction because "[t]he evidence showed that Henderson was a middleman, receiving drugs from some members of the conspiracy and passing them on to others. *That is a conspiratorial relation* . . . ." *Malone*, 770 F. App'x at 282 (emphasis added) (citing *United States v. Cruse*, 805 F.3d 795, 816 (7th Cir. 2015) ("[T]he relationship between middlemen and their superiors is per se conspiratorial because it is an agreement to cooperate to sell drugs. . . . Because a middleman and his principal are on the same side of a transaction, they cannot have a buyer-seller relationship.")).

### III. Discussion

Mr. Henderson seeks § 2255 relief on three grounds. He argues chiefly that there was insufficient evidence to support his conspiracy conviction and that trial and appellate counsel were

3

constitutionally ineffective in pursuing that line of defense. He next argues that his 2009 marijuana conviction was not a valid predicate for a § 851 enhancement and that trial and appellate counsel were constitutionally ineffective for failing to raise that challenge. Finally, Mr. Henderson argues in his reply brief that recent developments in the law render his 2014 cocaine conviction an invalid predicate for a § 851 enhancement.

### A.     Sufficiency of Evidence

Mr. Henderson's insufficient evidence arguments consume the lion's share of his briefing. Over 31 pages in his reply brief, Mr. Henderson identifies trial testimony that casts doubt on his conspiracy conviction. Dkt. 19 at 4–34. But these arguments fall short for several reasons.

This Court may not vacate Mr. Henderson's conspiracy conviction for insufficient evidence because that is an argument he could have raised on direct appeal but did not. A § 2255 motion is "no substitute for direct appeal." *United States v. Bania*, 787 f.3d 1168, 1172 (7th Cir. 2015). "Nonconstitutional claims like this one, which could have been raised on direct appeal but were not, are deemed waived even without taking cause and prejudice into account." *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997).

The Court may consider Mr. Henderson's arguments that trial and appellate counsel were constitutionally ineffective for failing to challenge the sufficiency of the evidence against him. However, Mr. Henderson has fallen well short of the required showing.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). If a petitioner cannot establish

one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014).

To satisfy the first prong of *Strickland*, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* On the prejudice prong, a petitioner "must show that but for counsel's errors, there is a reasonable probability that the result would have been different." *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (cleaned up).

Mr. Henderson has not met his burden of "com[ing] forward with 'specific acts or omissions of his counsel that constitute ineffective assistance.'" *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) (quoting *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003)). Mr. Henderson identifies plenty of evidence that a jury might have viewed as favorable to him, but he does not state what he believes his attorneys did wrong or what a competent attorney would have done differently. Indeed, Mr. Henderson relies heavily on evidence Mr. Edgar extracted from government witnesses on cross examination. *See* dkt. 19 at 4–5 (cross examination of Troy Pickel), 5–6 (cross examination of Robert Hornbrook), 18–21 (cross examination of Robert Hornbrook).

Nor has Mr. Henderson met his burden of demonstrating that his appellate counsel was constitutionally ineffective. "Because appellate counsel is not required to raise every non-frivolous issue on appeal, appellate counsel's performance is deficient under *Strickland* only if she fails to argue an issue that is both 'obvious' and 'clearly stronger' than the issues actually raised.'" *Makiel v. Butler*, 782 F.3d 882, 898 (7th Cir. 2015). "Proving that an unraised claim is clearly stronger than a claim that was raised is generally difficult 'because the comparative strength of two claims is usually debatable.'" *Id.* (quoting *Shaw v. Wilson*, 721 F.3d 9-8, 915) (7th Cir. 2013).

5

Mr. Henderson does not explain why sufficiency of the evidence would have been a stronger issue for appeal than the denial of a buyer-seller instruction. Indeed, it does not appear that he could demonstrate that sufficiency of the evidence was a "clearly stronger" issue likely to result in reversal. The Court of Appeals interpreted the trial record as showing "a conspiratorial relation" because "Henderson was a middleman, receiving drugs from some members of the conspiracy and passing them on to others." *Malone*, 770 F. App'x 281, 282 (7th Cir. 2019). In other words, the evidence supported a conclusion that Mr. Henderson was part of the conspiracy.

In short, Mr. Henderson has not demonstrated any entitlement to § 2255 relief based on insufficiency of evidence or ineffective assistance of trial or appellate counsel. To the extent his motion seeks such relief, it is **denied**.

**B.     Section 851 Enhancement—2009 Marijuana Conviction**

In his § 2255 motion, Mr. Henderson asserts that his 2009 marijuana conviction was not a valid predicate for a § 851 enhancement and that trial and appellate counsel were ineffective for failing to challenge application of that enhancement. Dkt. 1 at 5. However, Mr. Edgar presented Mr. Henderson's objection to that enhancement. *See* crim. dkts. 587, 587-1. The government agreed. Crim. dkt. 614 at ¶ 3 ("The government . . . "concedes that the January 14, 2009 conviction occurred in violation of the defendant's constitutional right to counsel and should not apply to enhance his sentence under 21 U.S.C. § 851."). Recognizing that his sentence was not enhanced due to the 2009 marijuana conviction, Mr. Henderson has withdrawn this argument. Dkt. 19 at 39.

**C.     Section 851 Enhancement—2014 Cocaine Conviction**

Finally, Mr. Henderson argues for the first time in his reply brief that his 2014 cocaine conviction was also an invalid predicate for a § 851 enhancement and that he is entitled to be

resentenced as a result. Mr. Henderson bases this argument on recent developments in the law and argues that it was not available to him when he filed his § 2255 motion.

At the time of Mr. Henderson's criminal actions, trial, and sentencing, violations of 21 U.S.C. § 841(b)(1)(A) carried a mandatory minimum prison sentence of ten years. If the offense took place "after a prior conviction for a felony drug offense," the mandatory minimum increased to 20 years. 21 U.S.C. § 841(b)(1)(A) (eff. Aug. 3, 2010–Dec. 20, 2018). Mr. Henderson's sentence reflects that he was subject to the 20-year mandatory minimum because of his 2014 Indiana conviction for possessing cocaine. *See* crim. dkt. 257 (§ 851 information); crim. dkt. 654 at 34:21–35:4 (noting sentence of 264 months is "two years above the mandatory minimum").

In October 2019, the Seventh Circuit decided *United States v. De La Torre*, 940 F.3d 938. In that case, the Seventh Circuit found that the Indiana statute for dealing in a schedule I, II, or III controlled substance covered conduct that would not qualify as a "felony drug offense" under § 841(b)(1)(A) and held that convictions under the Indiana statute therefore could not serve as valid predicates for the sentence enhancement. *Id.* at 950–952.

In cases decided after Mr. Henderson filed his § 2255 motion, this Court has applied the same reasoning to hold that a conviction under Indiana's cocaine statutes is not a "felony drug conviction" that can support a sentence enhancement under §§ 841(b)(1)(A) and 851. *See Lomax v. United States*, no. 1:19-cv-03843-SEB-MPB, 2021 WL 490271, at *3 (S.D. Ind. Feb. 9, 2021) ("Because Mr. Lomax's 2001 Indiana conviction for possession of cocaine does not qualify as a 'felony drug offense,' he is actually innocent of the enhanced sentence . . . and he is entitled to relief under 28 U.S.C. § 2255."); *cf. Alston v. United States*, no. 2:16-cv-00016-JMS-DLP, 2021 WL 82963, at *2 (S.D. Ind. Jan. 11, 2021) ("Because Indiana law includes positional isomers in its definition of cocaine . . . it reaches broader than federal law. Accordingly . . . Mr. Alston's

sentence should not have been enhanced under the ACCA based on his Indiana convictions for dealing in cocaine.").

Since the parties completed briefing in this case, the United States conceded in a different § 2255 action that an Indiana cocaine conviction is not a "felony drug conviction" for purposes of § 841(b)(1)(A) and that resentencing was appropriate. *See Pierson v. United States*, no. 1:21-cv-01264-JMS-MG, 2022 WL 1523325, at *2 (S.D. Ind. May 13, 2022) ("The United States concedes that" Pierson's "2000 Indiana drug conviction is not a valid predicate offense for the § 851 enhancement . . . . The United States urges the Court to grant Mr. Pierson's motion on this ground and schedule a resentencing hearing."). Here, the Court has not heard from the United States on this issue because Mr. Henderson raised it for the first time in his reply. Accordingly, the Court will direct the United States to show cause why the Court should not grant Mr. Henderson's § 2255 with respect to his challenge to the § 851 enhancement and proceed to resentencing.

### IV.  Conclusion

Donta Henderson is not entitled to relief under 28 U.S.C. § 2255 on the grounds discussed in Parts III(A) and (B) above. Mr. Henderson's motion is **denied** to the extent it seeks relief on those grounds.

The United States will have **through September 2, 2022**, to **show cause** why the Court should not grant Mr. Henderson's motion on the limited grounds discussed in Part III(C) and proceed to a resentencing hearing.

**IT IS SO ORDERED.**

Date: 8/5/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

8

Distribution:

DONTA HENDERSON
12979-028
GREENVILLE - FCI
GREENVILLE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
GREENVILLE, IL 62246

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov